IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMES MARRINAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:06-CV-294 |
| | § | |
| CARNIVAL CORP. D/B/A CARNIVAL | § | |
| CRUISE LINES, INC., AND CRUISE | § | |
| SHIP CELEBRATION | § | |
| | § | |
| Defendant | § | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Came on for consideration this day Defendant Carnival Corp. d/b/a Carnival Cruise Lines, Inc.'s ("Carnival's" or "Defendant's") Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. No. 6), Plaintiff James Marrinan's ("Plaintiff's") Response in Opposition (Doc. No. 10), and Defendant's Reply (Doc. No. 11). Having carefully considered the motion and the applicable law, and for the reasons stated below, the Court hereby DENIES Defendant's Motion to Dismiss or Transfer.

**I. Background**

On July 6, 2004, Plaintiff made reservations for he and his wife to go on a cruise to celebrate their 25th wedding anniversary. He made and paid for the cruise reservations on the internet website Hotwire.com through his home computer. An agency named "National Leisure Group," located at 100 Sylvan Road, Suite 600, Woburn, MA 01801, booked the cruise on Carnival's vessel *Celebration*. On July 8, 2004, Plaintiff received an email labeled "Passenger Invoice and Confirmation." Plaintiff claims he thought this was the entire contract containing the complete terms

1

and conditions related to the cruise. On July 12, 2004, at the time of boarding, Plaintiff and his wife were given a ticket, a "Welcome Aboard" brochure, and a "Carnival 2004-2005 3 to 16 day cruise vacations" brochure.

> Paragraph 14(a) of Plaintiff's ticket contained the following one-year limitation provision:
>
>> Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars are given to Carnival within 185 days after the date of injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitation periods.
>
> Paragraph 15 of the ticket contained the following forum selection clause:
>
>> It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court of the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A., to the exclusion of the Courts of any other county, state or country.
>
> Prior to boarding the vessel, Plaintiff signed and presented a "Sail and Sign Account and Guest Ticket Contract Acknowledgment" to the ship's crew, which states, "[b]y signing below, all guests acknowledge that they have received, read, and agree to the Terms and Conditions of the

Guest Ticket Contract."

However, plaintiff did not read or object to any contract provisions in the ticket or brochures because, according to Plaintiff, (1) they were told to board the ship as soon as possible and (2) they would not have been able to get a refund on their tickets. On July 17, 2004, Plaintiff was injured aboard the ship when the side window of Plaintiff's cabin came loose and hit him on the head.

## II. Procedural History

Plaintiff filed suit against Carnival and its vessel *Celebration* on May 30, 2006, in the 173rd Judicial District of Texas, almost two years after he sustained his injuries. Carnival and the cruise ship *Celebration* (collectively "Defendants") removed the case to federal court on June 29, 2006, under 28 U.S.C, § 1332(a), because Plaintiff is a citizen of Texas, Defendants are a foreign corporation with their principal place of business in Miami, Florida, and Plaintiff alleged at least $75,000 in damages.

On July 11, 2006, Defendant filed this motion to dismiss pursuant to Rule 12(b)(3), or in the alternative, to transfer the case pursuant to 28 U.S.C. 1404(a) or 1406(a), to which Plaintiff responded and Defendant replied. Defendant's motion to dismiss is based on a claim that Plaintiff is barred from bringing this lawsuit due to a one-year limitation clause in the passenger ticket contract. Defendant's motion to transfer is based on a forum selection clause in the ticket, which provides that any suit between the parties must be brought in a court located in Miami-Dade County, Florida. He also brings an motion to dismiss based on the forum selection clause. The Court first discusses the motion to dismiss based on the one-year limitation clause.

## III. Motion to Dismiss Based on One-Year Limitation Clause

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff did not

file his lawsuit within the one-year limitation period provided in the ticket contract. Plaintiff counters that he did not consent to the terms on the ticket, and that because he received the ticket only moments before boarding the vessel, he did not have adequate notice of the one-year limitation provision. He also states that because his ticket was nonrefundable, he would have lost all of his money if he had cancelled his trip. Therefore the limitations clause is fundamentally unfair.

Dismissal for the failure to act timely before the expiration of a statute of limitations is properly raised by a Rule 12(b)(6) motion for failure to state a claim, not a Rule 12(b)(3) motion for improper venue. *See Oaxaca v. Roscoe*, 641 F.2d 386 (5th Cir. 1981). Dismissal on a statute of limitations defense is appropriate when it can be determined from the face of the complaint that the limitations period has expired. *Moore v. Baylor Health Care System*, No. 3-CV-03-2354-P, 2004 WL 884436, *2 (N.D. Tex. April 23, 2004). However, where the alleged failure to comply with the limitation period does not appear on the face of the complaint, a motion for summary judgment is the proper procedure. *Id.* The Court notes that both parties submitted evidence outside of the pleadings, including the tickets, brochures, and affidavits. As the Court explains below, without consideration of these exhibits and possibly other evidence, the Court cannot grant the motion to dismiss.

      A.     <u>Validity of the Limitation Provision and Adequate Notice</u>

"Conditions and limitations in contracts for the carriage of passengers by water have been held valid, and when placed in the body of a passage contract for an ocean voyage, so as to be a part thereof, they become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample opportunity to examine its contents." *Carpenter v. Klosters Rederi A/S*,

604 F.2d 11, 13 (5th Cir. 1979)(citations omitted); *see also Lunday v. Carnival Corp.*, 431 F.Supp.2d 691, 694 (S.D.Tex. 2004); *Elliott v. Carnival Cruise Lines,* 231 F.Supp.2d 555, 561 (S.D.Tex. 2002). A one-year time limitation on a maritime personal injury claim on a passenger ticket or ticket booklet "can bar an untimely claim if the clause is incorporated into the passenger's contract by reasonably communicative notice." *Reeser v. NCL (Bahamas) Ltd.*, No. Civ. A. 05-2344, 2005 WL 1993793 (E.D.Pa. Aug. 17, 2005)(citing *Marek v. Marpan Two, Inc.*, 817 F.2d 242, 245 (3rd Cir. 1987)). There is no dispute as to whether the clause was incorporated into the Plaintiff's ticket. And Plaintiff does not dispute the conspicuousness of the notice. Therefore, the one-year limitation period is valid as long as Plaintiff had "ample opportunity to examine its contents."

Plaintiff claims he received his ticket just prior to boarding. Therefore, he had no time to read and reject the ticket before the cruise set sail. Whether Plaintiff actually read the limitation clause is of no matter. A "passenger need not have actual notice of [a ticket's] contents, and his failure to read the ticket does not preclude him from being bound by its terms." *Carpenter*, 431 F.Supp. at 13. In fact, a travel agent's possession of a ticket provides constructive notice of the ticket's terms to the passenger. *Momin v. Carnival Cruise Lines*, No. H-06-2806, 2006 WL 3741924, *2 (S.D.Tex. Dec. 18, 2006)*; see also Lunday*, 431 F.Supp.2d at 694. However, the Court cannot determine from the face of the pleadings whether Hotwire.com, National Leisure Group, or Carnival held the tickets and whether Plaintiff could have accessed the tickets if he so desired.[1]

Nevertheless, even assuming Plaintiff did not receive or have any way to access his ticket and the brochures until moments before boarding, Plaintiff may have had ample opportunity to examine

---

[1] Defendant also states that a sample passenger ticket was posted on Carnival's website. However, Defendant does not state how plaintiff would have been aware of the posting, and the Court cannot consider any evidence outside of the pleadings as to this issue.

their contents in the year following the accident. As the Third Circuit held in *R. Hodes v. S.N.C. Achille Lauro ed Altri-Gestione*, "the injured passenger can avoid the time constraints by reading the ticket soon after the injury and acting promptly." 858 F.2d 905, 911-912 (3rd Cir. 1988)(overturned on other grounds, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989)). Courts have often held that a passenger who possesses a ticket or ticket folder containing a limitation clause after the injury cannot complain he lacked notice of the clause. *See Marek,* 817 F.2d at 247 (passenger who received ticket upon boarding and shared ticket folder with fellow passenger "cannot blame others . . . for her failure to read [contractual time limits] within six months of her accident"); *United States v. Miller*, 448 F.Supp.2d 860, 866 (N.D. Ohio 2006)(passengers who received ticket minutes before boarding were bound by time limitation clause because "they could peruse it immediately before, during, and after the cruise").

The case of *Sasso v. Travel Dynamics, Inc.* is particularly instructive. 844 F.Supp. 68 (D. Mass 1994). In *Sasso*, the plaintiffs were also given a ticket containing a one-year limitation provision as they were boarding the vessel. *Id.* at 68. In determining that the cruise line had provided reasonable notice of the limitation clause on the ticket, the Court stated

> Whether plaintiffs received the Contract three weeks before the cruise on January 19, 1990 or at the point of boarding the ILLIRIA is not material to their ability to become 'meaningfully informed' of its contents, because their strongest incentive to apprise themselves of the terms and conditions only arose at the moment Sasso was injured.

*Id.* at 73.

Plaintiff's only argument that he lacked adequate notice is that he did not receive the ticket containing the limitation clause until just prior to boarding. He does not claim that he was unable

6

to educate himself as to the ticket's terms in the year following his injury. However, because this is a motion to dismiss, and not a motion for summary judgment, the Court again has no evidence to refer to on this issue.

Courts have stated that "[e]valuating time limits for the filing of passenger lawsuits is a legal determination suitable for disposition by summary judgment." *Osborn v. Princess Tours, Inc.*, No. CV-95-4584 DT (CTX), 1996 WL 364724, *1 (C.D. Cal. Feb. 5, 1996)(citing *Nash v. Kloster Cruise A/S*, 901 F.2d 1565 (11th Cir. 1990); *DeNicola v. Cunard Line Ltd.*, 642 F.2d 5 (1st Cir. 1981)). And the determination of reasonable notice of a ticket condition is an issue of law which a court may decide through summary judgment. *Osborn*, 1996 WL 364724 at *1(citing *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 998 (9th Cir. 1992)); *DeNicola*, 642 F2d. at 7. Therefore, the Court cannot determine reasonable notice at this time, based solely on the pleadings.

    B.    <u>Fundamental Fairness</u>

Plaintiff also claims that the limitations clause is fundamentally unfair, because his ticket was nonrefundable, and he would have lost all of his money if he had cancelled his trip. The "fundamental fairness" inquiry focuses on whether the clause was intended to discourage passengers from pursuing legitimate claims, whether the cruise line gained agreement to the clause through fraud, and whether there was reasonable notice of the limitation. *Oltman v. Holland-America Line – USA, Inc.*, No. C05-1408JLR, 2006 WL 2222293, at *3 (W.D. Wash. Aug. 1, 2006)(citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991)).

In *Oltman*, the court held that a one-year limitation provision was fundamentally fair, even though the passengers received the ticket as they boarded the ship, because

> Plaintiffs do not allege that Defendants used fraud to induce them to agree to the, nor

> do they allege that Defendants included the limitation in order to discourage passengers from bringing claims. It is reasonable for a cruise line to expect passengers who are injured while on a cruise to inspect their tickets with the aid of an attorney to determine their rights. Passengers can protect their rights by filing suit within one year of their injuries and in the forum specified in their contracts. Moreover, because Congress has indicated that vessels may contractually provide for a one-year limitation on filing suits, Plaintiffs are hard put to argue that it is unfair for a cruise line to do so.

*Id.* at *4. The court also concluded that the plaintiffs had reasonable notice of the limitation clause, because the plaintiffs had presented no evidence that the cruise line had taken away their travel documents or had prevented them from reading the cruise contract either after the cruise began or after they had fallen ill. *Id.* at *3-4. In fact, the court stated that because the plaintiffs had purchased their tickets so close to date of departure, "any time constraints, therefore, were of their own making." *Id.* At 3.

However, in spite of its reference to allegations plaintiffs failed to make, *Oltman*, like other cases analyzing the notice and fairness aspects of a limitations clause, was decided on a motion for summary judgment. *See, e.g., Dempsey*, 972 F.2d at 998 (holding on summary judgment that limitations clause is fundamentally fair because there was no evidence cruise line acted in bad faith or engaged in fraud or overreaching and passenger had time after accident to consult ticket); *Osborn*, 1996 WL 364724, *3 (holding on summary judgment that passenger had reasonable notice of limitations clause because she offered no facts to dispute she had time to study ticket after injury). Therefore, in this case, the Court is unable to make a determination of fundamental fairness based on the pleadings alone.

Accordingly, Defendant's motion to dismiss is DENIED.

### IV. Motion to Dismiss or Transfer Based on Forum Selection Clause

Carnival also brings an alternative motion to dismiss the case pursuant to Rule 12(b)(3) or to transfer the case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) or § 1406(a) for failure to file in the proper venue as provided in Paragraph 15, the forum selection clause, of the ticket.  Neither party disputes that were it not for the forum selection clause, venue would be proper in this court.  Therefore, the proper means to analyze this motion is under 28 U.S.C. § 1404(a), not Rule 12(b)(3).  *Elliot*, 231 F.Supp.2d at 559.  Section 1404(a) allows for transfer, not dismissal.  *Id.*  Accordingly, Carnival's motion to dismiss under Rule 12(b)(3) is DENIED.

Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Forum selection clauses in maritime contracts "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  *M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 10 (1972)(internal quotations omitted).  The Supreme Court held in *M/S Bremen* that a forum selection clause is enforceable absent "a clear show[ing] that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching [or unless] enforcement would contravene a strong public policy of the forum in which suit is brought whether declared by statute or judicial decision."  *Id.* at 15.  In *Shute*, the Supreme Court extended its holding, finding that forum selection clauses were not *per se* unreasonable.  *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F.Supp.2d 352, 359 (S.D.N.Y. 2004)(citing *Shute*, 499 U.S. at

9

593). However, *Shute* also stated that forum selection clauses must be "reasonably communicated" by the carrier to cruise line passengers, and that the clauses are subject to judicial scrutiny for reasonableness and fundamental fairness. *Id.*(citing *Shute* 499 U.S. at 593-95).

Plaintiff's argument against the enforcement of the forum selection clause is the same as his argument against the enforcement of the time limitation clause: (1) that he did not have reasonable notice of the forum selection clause, because he received the ticket containing the clause just prior to boarding the ship, and (2) that he would have forfeited his entire fare if he rejected his ticket at the time he received and read the clause.

Unlike the one-year time limitation, which can be avoided by a post-accident reading of the clause, forum selection cannot be similarly avoided. Accordingly, "[t]he essential inquiry remains whether the ticket reasonably communicated to the passenger the conditions of the contract of passage *before* the passenger boarded the vessel." *Hodes*, 858 F.2d at 911. As in this case, the passengers in *Hodes* argued that they did not have the opportunity to read the conditions on their contract, because they did not receive their tickets until just prior to boarding. *Id.* The court found the question to be "whether someone has 'acted in the capacity of an agent in acquiring the ticket for the plaintiff.'" *Id.* at 912 (quoting *DeCarlo v. Italian Line*, 416 F.Supp. 1136, 1137 n.2 (S.D.N.Y. 1976). The Court ultimately charged the passengers with notice of the clause, holding that the travel agency that booked their tickets, and of which the passengers were members, acted as the passengers agents. *Id.*

Unlike a Rule 12(b)(6) motion to dismiss, a court can consider materials outside the pleadings in ruling on a motion to transfer venue. *In re DeMert & Dougherty, Inc.* 271 B.R. 821, 829 (Bkrtcy.N.D.Ill. 2001)(citing *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th

Cir. 2000)); *see also Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567 (E.D.Tex 2004)(internal citation omitted)("A defendant must properly establish relevant venue facts by affidavit, deposition, or otherwise as opposed to making unsupported assertions.")

In this case, as stated earlier, the Court cannot determine from the pleadings or even from the evidence submitted whether Hotwire.com, National Leisure Group, or Carnival held the tickets for Plaintiff prior to the cruise and whether Plaintiff could have accessed the tickets if he so desired.

Nonetheless, even if the Court were to determine that an agency received the ticket several days prior to Plaintiff's departure, giving him constructive notice of the forum selection clause, Plaintiff would not have been able to cancel his ticket without completely forfeiting his entire ticket fare.

Part of determining whether a forum selection clause is fundamentally fair is determining whether a passenger can reject the ticket containing the clause with impunity. *Shute*, 499 U.S. at 595. A forum selection clause is therefore unreasonable when a plaintiff has no possibility of a refund upon cancellation. *See, e.g., Schaff v. Sun Line Cruises, Inc.*, 999 F.Supp. 924 (S.D.Tex. 1998)(forum selection clause unreasonable where plaintiff received her ticket 3 to 4 days prior to departure and would have forfeited her entire fare if she had cancelled at that time); *McTigue v. Regal Cruises, Inc.*, No. 97 Civ. 7444 (JSM), 1998 WL 191430, *3 (S.D.N.Y. April 22, 1998)(forum selection clause unreasonable where ticket stated "Carrier is entitled to receive and retain earned passage money under all circumstances, and is not liable to make any refund to Passenger. . . ."); *Corona v. American Hawaii Cruises, Inc.*, 794 F.Supp. 1005, 1011-12 (D.Hawaii 1992)(forum selection clause unreasonable where plaintiffs received tickets 2-3 days

prior to departure and ticket stated cancellation less than 4 days prior to departure would result in forfeiture of entire fare); *Cismaru v. Radisson Seven Seas Cruises, Inc.*, No. 07-00-00100-CV, 2001 WL 6546, *2 (Tex.App-Amarillo Jan. 2, 2001)(forum selection clause fundamentally unfair where cancellation upon notification of the clause would have resulted in a forfeiture of 50% of the fare price); *but see Lurie v. Norwegian Cruise Lines, Ltd.,* 305 F.Supp.2d 352, 362 (S.D.N.Y. 2004)(even if plaintiff could not cancel ticket with impunity, no evidence showed that plaintiff could not reject the terms in the ticket without penalty); *Natale v. Regency Maritime Corp.*, No. 94 Civ. 0256 (LAP), 1995 WL 117611, *3 (S.D.N.Y. March 17, 1995)(once plaintiffs receive tickets in time to read them and accept the terms by going on the cruise, they are bound by the terms contained therein).

It is uncontested that Plaintiffs purchased their tickets on July 8, 2004, four days before the cruise set sail on July 12, 2004. Plaintiff states, and Defendant does not dispute, that Plaintiff would have received no refund if he had cancelled his trip after he booked it. In fact, Plaintiff's ticket states that there is no refund for cruises cancelled seven days prior to the departure date. Therefore, Plaintiff could not have cancelled his ticket with impunity, and the forum selection clause is fundamentally unfair. Accordingly, Plaintiff's motion to transfer is DENIED.

### V. Conclusion

For the reasons stated above, the Court therefore finds that Defendant Carnival Corp. d/b/a Carnival Cruise Lines, Inc.'s Motion to Dismiss or, in the Alternative, Motion to Transfer should be DENIED.

It is therefore ORDERED, ADJUDGED and DECREED that Defendant Carnival Corp. d/b/a Carnival Cruise Lines, Inc.'s Motion to Dismiss or, in the Alternative, Motion to Transfer

(Doc. No. 6) is DENIED.

It is SO ORDERED.

**SIGNED this 29th day of March, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE