**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JAMES MARRINAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:06-CV-294** |
| | § | |
| **CARNIVAL CORP. D/B/A CARNIVAL** | § | |
| **CRUISE LINES, INC., AND CRUISE** | § | |
| **SHIP CELEBRATION** | § | |
| | § | |
| **Defendant** | § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Came on for consideration this day Defendants Carnival Corp. d/b/a Carnival Cruise Lines, Inc. and Cruise Ship Celebration's ("Defendants'") Second Motion for Summary Judgment (Doc. No. 20), Plaintiff James Marrinan's ("Plaintiff's") Response (Doc. No. 21), and Defendants' Reply (Doc. No. 22).  Having carefully considered the motion and the applicable law, and for the reasons stated below, the Court hereby GRANTS Defendant's Second Motion for Summary Judgment.

## I. Background

On July 6, 2004, Plaintiff made reservations for he and his wife to go on a cruise to celebrate their 25th wedding anniversary.  He made and paid for the cruise reservations on the internet website Hotwire.com through his home computer.  An agency named "National Leisure Group," located at in Woburn, Massachusetts, booked the cruise on Carnival's vessel *Celebration*.  On July 8, 2004, Plaintiff received an email labeled "Passenger Invoice and Confirmation."   Plaintiff claims he thought this was the entire contract containing the complete terms and conditions related to the cruise.  On July 12, 2004, at the time of boarding, Plaintiff and his wife were given a ticket, a

"Welcome Aboard" brochure, and a "Carnival 2004-2005 3 to 16 day cruise vacations" brochure.

Paragraph 14(a) of Plaintiff's ticket contained the following one-year limitation provision:

> Carnival shall not be liable for any claims whatsoever for personal injury,
> illness or death of the guest, unless full particulars are given to Carnival within
> 185 days after the date of injury, event, illness or death giving rise to the claim.
> Suit to recover on any such claim shall not be maintainable unless filed within one
> year after the date of the injury, event, illness or death, and unless served on
> Carnival within 120 days after filing.  Guest expressly waives all other potentially
> applicable state or federal limitation periods.

Paragraph 15 of the ticket contained a forum selection clause requiring that all disputes and matters between guests and Carnival be litigated in the United States District Court of the Southern District of Florida or before a court located in Miami-Dade County, Florida, U.S.A.

Prior to boarding the vessel, Plaintiff signed and presented a "Sail and Sign Account and Guest Ticket Contract Acknowledgment" to the ship's crew, which states, "[b]y signing below, all guests acknowledge that they have received, read, and agree to the Terms and Conditions of the Guest Ticket Contract."

However, Plaintiff did not read or object to any contract provisions in the ticket or brochures because, according to Plaintiff, (1) he was told to board the ship as soon as possible and (2) he was not have been able to get a refund on their tickets.  On July 17, 2004, Plaintiff was injured aboard the ship when the side window of Plaintiff's cabin came loose and hit him on the head.

## II. Procedural History

Plaintiff filed suit against Defendants on May 30, 2006, in the 173rd Judicial District of

2

Texas, almost two years after he sustained his injuries.  Defendants removed the case to federal court on June 29, 2006.

On July 11, 2006, Defendant Carnival Corp. d/b/a Carnival Cruise Lines ("Carnival") filed a motion to dismiss pursuant to Rule 12(b)(3), or in the alternative, to transfer or dismiss the case pursuant to 28 U.S.C. 1404(a) or 1406(a), to which Plaintiff responded and Defendant replied. Carnival's motion to dismiss was based on a claim that Plaintiff is barred from bringing this lawsuit due to the one-year limitation clause in the passenger ticket contract.  Carnival's motion to transfer was based on the forum selection clause in the ticket.  Carnival also brought a motion to dismiss based on the forum selection clause.

The Court denied the motion to dismiss based on the one-year limitation clause.  The Court held that the issue could only be considered in a motion for summary judgment, because the alleged failure to comply with the limitation period did not appear on the face of the complaint, and both parties submitted evidence outside of the pleadings, including the tickets, brochures, and affidavits. The Court also denied Carnival's motion to transfer, holding that because Plaintiff could not have cancelled his ticket with impunity, the forum selection clause was fundamentally unfair.  Finally, the Court held that Section 1404(a) allows for transfer, not dismissal, and denied Carnival's motion to dismiss based on improper venue.

### III. Discussion

Defendants now bring a motion to for summary judgment, arguing that because Plaintiff failed to file suit within one year of the accident as required by the limitation clause, Plaintiff's complaint should be dismissed.

The Court previously held that the one-year limitation period on Plaintiff's ticket is valid as

long as Plaintiff had "ample opportunity to examine its contents." *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979)(citation omitted); *see also Lunday v. Carnival Corp.*, 431 F.Supp.2d 691, 694 (S.D.Tex. 2004); *Elliott v. Carnival Cruise Lines*, 231 F.Supp.2d 555, 561 (S.D.Tex. 2002). And such an opportunity could have occurred through (1) the travel agent's possession of the ticket and/or (2) the ability of Plaintiff to examine the ticket's contents in the year following the accident.

Defendants have not provided any evidence showing that Hotwire.com or National Leisure Group had access to the ticket containing the limitation provision. However, Defendants have provided evidence that Plaintiff was able to examine the ticket in the year following the accident. They provided an affidavit from a Carnival Claims Representative stating that the contract pages in the ticket are retained by the passengers. The limitation clause is within these contract pages. Plaintiff offers no evidence rebutting the assertion that he retained the contract pages in the ticket after the accident. In fact, Plaintiff submitted a copy of these contract pages as an exhibit to his response to the motion for summary judgment.

As the Court stated in its denial of Defendants' motion to dismiss or transfer, courts have often held that a passenger who possesses a ticket or ticket folder containing a limitation clause after an injury cannot complain he lacked notice of the clause. *See Marek v. Marpan Two, Inc.*, 817 F.2d 242, 247 (3rd Cir. 1987) (passenger who received ticket upon boarding and shared ticket folder with fellow passenger "cannot blame others . . . for her failure to read [contractual time limits] within six months of her accident"); *United States v. Miller*, 448 F.Supp.2d 860, 866 (N.D. Ohio 2006)(passengers who received ticket minutes before boarding were bound by time limitation clause because "they could peruse it immediately before, during, and after the cruise"). The contract pages retained by Plaintiff contained conspicuously printed notices directing him to

4

read the sections that contained the limitation provision.  And, as the Third Circuit pointed out, "the injured passenger can avoid the time constraints by reading the ticket soon after the injury and acting promptly."  *R. Hodes v. S.N.C. Achille Lauro ed Altri-Gestione*, 858 F.2d 905, 911 (3rd Cir. 1988)(overturned on other grounds, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989)).

Regardless, Plaintiff claims that the limitation clause is fundamentally unfair, because his ticket was nonrefundable, and he would have lost all of his money if he had cancelled his trip. Plaintiff presented this same argument in his response to the motion to dismiss or transfer.  As the Court explained it is prior order, a limitation clause is fundamentally fair when there is no evidence the cruise line acted in bad faith or engaged in fraud or overreaching and the passenger had time after accident to review his ticket.  *See Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 998 (9th Cir. 1992)*; see also Oltman v. Holland-America Line – USA, Inc.*, No. C05-1408JLR, 2006 WL 2222293, at *3 (W.D. Wash. Aug. 1, 2006).  The Court has already held that Plaintiff had time after the accident to review his ticket, and the Plaintiff has not alleged or presented any evidence that the Defendants acted in bad faith or engaged in fraud or overreaching.  Consequently the limitation clause is not fundamentally unfair.

Plaintiff also argues that Defendants are estopped from asserting a limitation defense. However, the cases Plaintiff cites for this proposition are inapposite.   Further, to successfully invoke the doctrine of equitable estoppel, a plaintiff must show:

. . . that she "was misled by defendant or its agents so that [s]he delayed suit because of (a) an affirmative statement that the statutory period to bring the action was longer than it actually was, or (b) promises to make a better settlement of the claim if plaintiff did not bring suit or (c) comparable representations and conduct."  Part (c) in the foregoing list of

5

estoppel-creating deceptions is a catch-all encompassing all manner of conduct analogous

to the rather specific examples set forth in parts (a) and (b).

*Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1323-24 (11th Cir. 1989)(citations omitted).

Plaintiff's alleges none of these things, and makes no allegations of fraud, misrepresentation or

deceit on the part of Defendants.

## IV. Conclusion

For all of the above-stated reasons, the Court finds that Defendants  Second Motion for

Summary Judgment (Doc. No. 20) is hereby GRANTED.

It is so ORDERED.

**SIGNED this 17th day of March, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE